O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>  v.<br><br>BENJAMIN JORDAN BEAL,<br><br>Defendant/Petitioner. | Case No. ***EDCV 07-1678-VAP***<br>EDCR 03-0084-VAP<br><br>**[Motion filed on December 19, 2007]**<br><br>**MEMORANDUM AND ORDER DENYING RESPONDENT'S MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE OR SET ASIDE CONVICTION** |

**I.   SUMMARY OF PROCEEDINGS**

On December 19, 2007, pro se Petitioner Benjamin Jordan Beal ("Petitioner") filed a "Motion for Reduction of Sentence by an Inmate in Federal Custody" pursuant to 28 U.S.C. § 2255.  On May 19, 2008, Respondent United States of America ("Respondent") filed "Opposition to Defendant's Motion Filed Pursuant to 28 U.S.C. § 2255" ("Opposition").

## II.  BACKGROUND

On June 3, 2004, a federal grand jury returned a nine-count First Superseding Indictment ("Indictment") against Petitioner and twenty other co-defendants. The Indictment named Petitioner in Counts One, Three, and Six. Count One charged Petitioner and other co-defendants with conspiracy to manufacture and distribute 100 grams or more of phencyclidine ("PCP") in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A). Count Three charged Petitioner and other co-defendants with aiding and abetting and attempting to manufacture 100 grams or more of PCP in violation of 21 U.S.C. §§ 846 and 841(a). Count Six charged only Petitioner with possession of a submachine gun in violation of 26 U.S.C. § 5861.

On June 6, 2005, Petitioner pled guilty to Counts One and Six pursuant to a written plea agreement. On November 14, 2005, the Court sentenced Petitioner to 87 months of imprisonment on Count One and 87 months on Count Six, to be served concurrently. Petitioner appealed his sentence on November 30, 2005. The Ninth Circuit Court of Appeals denied his appeal on September 26, 2006 because Petitioner waived his appeal rights, under his plea agreement.

**III.   PETITIONER'S CONTENTIONS**

Giving the § 2255 Motion a liberal construction, Petitioner asserts three claims: (1) he should have been held responsible only for 100 grams of actual PCP pursuant to the plea agreement based on its plain language; (2) his sentence on Count Six should have been 0 to 6 months instead of 87 months and he should not be serving his sentences on Counts One and Six concurrently; and (3) his trial and appellate counsel provided him ineffective assistance because they did not raise the aforementioned arguments at sentencing or on appeal. (See § 2255 Mot.)

**IV. LEGAL STANDARD**

Pursuant to section 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

1  The petitioner bears the burden of establishing any
2 claim asserted in his § 2255 motion.  To warrant relief
3 because of constitutional error, the petitioner must show
4 that the error was one of constitutional magnitude which
5 had a substantial and injurious effect or influence on
6 the proceedings.  See Hill v. United States, 368 U.S.
7 424, 428 (1962).

## V. DISCUSSION

In his § 2255 Motion, Petitioner raises two claims already rejected by the Ninth Circuit due to procedural default.  Before this Court, Petitioner finds himself in procedural default as well on those claims: pursuant to his plea agreement, Petitioner waived his right to seek collateral relief of his conviction and sentence.  (See Plea Agreement ¶ 20 ("Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.").)  Moreover, Petitioner may not lodge this collateral attack on his sentence because he did not raise his claims on direct appeal.  United States v. Frady, 456 U.S. 152, 164 (1982); United States v.

4

1 Johnson, 988 F.2d 941, 945 (9th Cir. 1993).  Petitioner's
2 claims were in procedural default before the Ninth
3 Circuit and he may not circumvent his waiver of appeal by
4 seeking this collateral relief.  Accordingly, Petitioner
5 waived his first and second claims; the Court discusses
6 only Petitioner's claim for ineffective assistance of
7 counsel.

9 　　　As the U.S. Supreme Court has held, "the proper
10 standard for attorney performance is reasonably effective
11 assistance of counsel."  Strickland v. Washington, 466
12 U.S. 668, 687 (1984).  To establish ineffective
13 assistance of counsel, Petitioner must prove (1)
14 "counsel's representation fell below an objective
15 standard of reasonableness," and (2) there is a
16 reasonable probability that, but for counsel's errors,
17 the result of the proceeding would have been different.
18 Id. at 688, 694.  "A reasonable probability is a
19 probability sufficient to undermine confidence in the
20 outcome."  Id. at 694.  Under the second component,
21 Petitioner must demonstrate his attorney's errors
22 rendered the result unreliable or the proceedings
23 fundamentally unfair.  Fretwell v. Lockhart, 506 U.S.
24 364, 372 (1993); Strickland, 466 U.S. at 694.

A claim of ineffective assistance of counsel requires proof of both of these elements.  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Strickland, 466 U.S. at 697.

Petitioner argues his trial and appellate counsels' performances were deficient because they failed to raise the following arguments at sentencing and on appeal: (1) Petitioner should have been held responsible only for 100 grams of actual PCP pursuant to the plea agreement based on its plain language; (2) his sentence on Count Six should have been 0 to 6 months instead of 87 months and he should not be serving his sentences on Counts One and Six concurrently.

Petitioner has failed to meet either of the two Strickland prongs, much less both.  First, his counsel's performance was not deficient constitutionally.  See Strickland, 466 U.S. at 687, 694.  As to Petitioner's first argument, Petitioner stipulated in the plea agreement to being responsible for "over 100 grams of PCP (actual)" and stipulated to the factual basis, including: law enforcement seizure of "a van with equipment and

chemicals used in the manufacture of PCP.... The chemicals included a quantity of piperdinocyclohexane carbinitrile (PCP in a solid form) that was capable of producing 8.4 kilograms of a mixture or substance containing PCP and over 100 grams of PCP (actual)."  (See Plea Agreement at ¶ 3; Plea Agreement, Statement of Facts at 3 (emphasis added).)  Based on the amount of PCP to which Petitioner stipulated, the parties stipulated to a base offense level of 34 with a three level downward departure for "acceptance of responsibility," pursuant to the United States Sentencing Guidelines, U.S.S.G. § 2D1.1(c); the Court found Petitioner's adjusted offense level to be 29.

     Accordingly, there was no constitutional error when his trial and appellate counsel decided not to argue Petitioner should have been held responsible for only 100 grams of PCP (actual) when he stipulated in the plea agreement that he was responsible for over 100 grams of PCP (actual).  Petitioner's sentence corresponded to the facts to which he stipulated.

     As to Petitioner's second argument, the Court finds his lawyers did not provide ineffective assistance even though they did not argue Petitioner's weapons conviction under Count Six should not have been considered a specific offense characteristic of the narcotics offense

in Count One.  The lawyers' purported failure to make this argument did not prejudice Petitioner.  The Court sentenced Petitioner to 87 months of incarceration for Count One and Count Six, to run concurrently.  Thus, even if the Court had sentenced Petitioner to 0 to 6 years on Count Six, as Petitioner believes his lawyers should have argued, Petitioner would still have to serve 87 months total because the Court ordered his sentences on Counts One and Six to run concurrently.  Had the Court ordered his sentences to be served consecutively, Petitioner's argument would be persuasive, assuming his lawyers provided ineffective assistance resulting in his 87 month sentence on Count Six.  Accordingly, as to the second prong under Strickland, Petitioner has failed to show he suffered prejudice as a result of any act or omission of his trial and appellate counsel that resulted in his sentence.  See Strickland, 466 U.S. at 687, 694.

   Accordingly, Petitioner has failed to satisfy either prong of the Strickland test for ineffective assistance of counsel.  He has shown no grounds for relief and his Motion is DENIED.  See Strickland, 466 U.S. at 687, 694.

**VI. CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner's § 2255 Motion, and dismisses this action with prejudice.

In addition, the Court DENIES Petitioner's "Motion for Immediate Release," filed on July 14, 2008. Petitioner bases his Motion for Immediate Release on the same arguments as his § 2255 Motion, which the Court has rejected.

Dated: September 4, 2009

                                    VIRGINIA A. PHILLIPS
                                    United States District Judge